UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ARTURO FUENTES,<br><br>  Defendant. | Case No. 1:19-cr-00365-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Defendant Arturo Fuentes's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Dkt. 132. The Government filed an Opposition in response. Dkt. 134. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] Upon review, and for the reasons set forth below, the Court DENIES the Motion.

---

[1] While Fuentes filed this motion as a Motion to Reduce Sentence, it is, more accurately, a Motion for Compassionate Release and will be analyzed as such.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

**MEMORANDUM DECISION AND ORDER - 1**

## II. BACKGROUND

On November 14, 2019, Fuentes was indicted on five counts of methamphetamine distribution. Dkt. 1. Fuentes subsequently pleaded guilty to count two, distribution of five or more grams of methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Dkt. 80. The Court sentenced Fuentes to 120 months in prison to run concurrently with judgments from Idaho State Courts. Dkt. 119.

Fuentes is currently serving his sentence at a Federal Correction Institution in Beaumont, Texas ("FCI Beaumont"), after a period at FCI Sheridan. Dkt. 134-1, at 1. His anticipated release date is June 22, 2029. *Id*. During his time at FCI Beaumont, Fuentes received a discipline report for possession of alcohol. Dkt. 134–2, at 1.

On April 22, 2024, Fuentes applied for a Reduction of Sentence with the Warden of FCI Sheridan. Dkt. 132, at 2; Dkt. 134-3. There is no evidence submitted to indicate the Warden responded. On June 25, 2024, Fuentes filed the instant Motion, pursuant to 18 U.S.C. § 3582(c), arguing he is needed as a primary caregiver to two minors.[3] Dkt. 132.[4]

---

[3] In his motion, Fuentes claims he has not received credit for time spent in federal custody while his case was pending. This claimed discrepancy is not apparent to the Court from the record, and as the Government states, a motion for compassionate release is not the proper vehicle to challenge the calculation of a prisoner's sentence.

[4] Fuentes requests assistance of counsel in connection with his 3582(c) motion. Dkt. 132, at 3. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, while the Court sympathizes with Fuentes, he has been able to articulate his position himself and the Court finds no reason to appoint counsel.

**MEMORANDUM DECISION AND ORDER - 2**

The Government responded in objection. Dkt. 134. Fuentes never replied and the time to do so has now passed.

## III. LEGAL STANDARD

Fuentes seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[5] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant

---

[5] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

**MEMORANDUM DECISION AND ORDER - 3**

becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

**MEMORANDUM DECISION AND ORDER - 4**

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Fuentes submitted a request for Compassionate Release with the Warden at FCI Sheridan on April 22, 2024, to which there is no evidence of a response. Dkt. 134-3. Because Fuentes filed his present Motion thirty days after submitting his request to the Warden with no response, the Court finds that he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Fuentes has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Fuentes bears the burden of establishing that extraordinary and

MEMORANDUM DECISION AND ORDER - 5

compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Fuentes's argument for a reduced sentence is based on his children allegedly being placed in emergency foster care.[6] Dkt. 132, at 1. Fuentes claims he is currently the primary caregiver to minors aged 14 and 16. *Id.* He alleges that the minors' grandmother and the grandmother's boyfriend, both said to be primary caregivers, have been arrested for sexual abuse or child endangerment and neglect. *Id.* Because of this, Fuentes claims the Court should release him because he is needed as a primary caregiver. *Id.*

Fuentes's argument falls most closely to the extraordinary and compelling reason of U.S.S.G. 1B1.13(b)(3)(A), which covers the "incapacitation of the caregiver of the defendant's minor child[.]" However, while the situation appears grave, Fuentes offers no evidence to support his claim.[7] He provides no evidence of incapacitation, the alleged arrest of the minors' grandmother and grandmother's boyfriend, or of his children being placed in emergency foster care. Without such evidence, it is impossible for the Court to consider granting this motion.

Furthermore, Fuentes provides no evidence that, if released, he would be a suitable caregiver for his children or even legally entitled to custody of said children. As the Government states in their response, Fuentes has a history of violence and domestic abuse,

---

[6] While Fuentes only referred to these individuals as minors, the Court infers from the docket that Fuentes is claiming they are his children.

[7] Fuentes cites to a case (CV-14-24-03131)—presumably in Idaho state court—but the Court is unable to find the information to which Fuentes is referring in his motion.

**MEMORANDUM DECISION AND ORDER - 6**

including abuse in the presence of children. Dkt. 110, at 7–26. The Court finds this history weighs heavily against a sentence reduction. Given the lack of information and evidence supporting Fuentes's request, the Court finds there is not an extraordinary and compelling reason for release based on family circumstances.

### C. Section 3553(a) Factors

Even if an extraordinary and compelling reason for relief was proven, the Court would still deny Fuentes's motion based on the § 3553(a) factors. While Fuentes does not address these factors, the Government argues that these factors weigh against release.[8] Dkt. 134, at 10–11. The Court agrees. Fuentes has an extensive criminal history that includes drug usage, violence, and domestic abuse. *See generally* Dkt. 110, at 7–26. Denying Fuentes's motion would protect the public as well as his children. Furthermore, Fuentes was sentenced to ten years for two counts of distribution of methamphetamine; a sentence

---

[8] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

   (2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

**MEMORANDUM DECISION AND ORDER - 7**

that reflects the severity of the crime, and releasing him now after having served less than half of the sentence imposed would not be consistent with the statutory factors. Dkt 119.

## V. CONCLUSION

Fuentes exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" due to a lack of offered evidence. Similarly, Fuentes did not offer an argument to show that a reduction in his sentence is consistent with the goals of 18 U.S.C. § 3553(a) sentencing factors. Weighing all the relevant factors, the Court cannot depart from its prior sentence at this time. Accordingly, Motion for Reduced Sentence is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Fuentes's Motion to Reduce Sentence (Dkt. 132) is **DENIED**.

DATED: July 28, 2025

David C. Nye
Chief U.S. District Court Judge